UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARK McDANEL, ROSEMARY, McDANEL, and TRAVIS McDANEL<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY, R.J. CORMAN DERAILMENT SERVICES, L.L.C., and MISSOURI HIGHWAY & TRANSPORTATION COMMISSION,<br><br>Defendants. | Case No. 2:14CV46 CDP |

## **MEMORANDUM AND ORDER**

This matter comes before me on defendant Missouri Highway and Transportation Commission's motion to dismiss plaintiffs' complaint for damages and wrongful death. Plaintiffs have alleged a single count of "Wrongful Death and Negligence" against all three named defendants. In its motion to dismiss, defendant MHTC argues under Rule 12(b)(1), Fed. R. Civ. P., that the entire case should be dismissed for lack of subject matter jurisdiction. Alternatively, MHTC argues, under Rule 12(b)(6), that it should be dismissed as a defendant on the basis of its asserted Eleventh Amendment immunity. Because I find that MHTC is an arm of the State of Missouri and its

presence as a party to this action destroys complete diversity, I will grant MHTC's motion to dismiss the case under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

## I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION STANDARD

The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). To decide this issue I must first determine whether defendants are bringing a facial attack or a factual attack on jurisdiction. *Id*. at 729 n.6.

Where a party launches a "facial attack" on subject matter jurisdiction, the court looks only to the face of the pleadings to determine whether federal subject matter jurisdiction exists. And the nonmoving party is entitled to the same protections as it otherwise would receive against a motion brought under Rule 12(b)(6). *Id*. at 729 n. 6. Specifically, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."

---

[1] Because this Court does not have jurisdiction, I do not reach MHTC's argument of Eleventh Amendment immunity. *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments").

*Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). Conversely, when a party launches a "factual attack" on subject matter jurisdiction, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id*. at 593 (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)).

In this case, MHTC's challenge to the Court's subject matter jurisdiction is based solely on information alleged in the complaint. Thus, MHTC's attack on federal subject matter jurisdiction is a "facial attack," and I will consider only the allegations that are contained in the pleadings.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

As an initial matter, the plaintiffs' asserted basis for federal subject matter jurisdiction should be clarified. Plaintiffs acknowledge they are Missouri residents, which I will assume for purposes of this motion, is an allegation that they are Missouri citizens. They claim that BNSF, a Delaware corporation, and R.J. Corman, a Kentucky limited liability company, are each a "proper party to this action…based on diversity jurisdiction." They further assert that MHTC is a proper party to this action "as the recipient of Federal highway funds and in the interests of the orderly administration of justice…." Finally, plaintiffs aver

they are "authorized" under Mo. Rev. Stat. § 537.080 to pursue their wrongful death claim.

Because plaintiffs' have not clearly pled a claim that arises under the "Constitution, laws or treaties of the United States," there can be no federal question jurisdiction here. *See* 28 U.S.C. § 1331 and *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint). Therefore, I find that the only possible basis for my jurisdiction of this case is diversity of citizenship. *See* 28 U.S.C. § 1332(a).

Federal diversity jurisdiction of state law claims requires an amount in controversy in excess of $75,000 and complete diversity of citizenship among the parties. *See* 28 § U.S.C. 1332(a) and *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In its motion, MHTC argues that this Court has no subject matter jurisdiction over the plaintiffs' claim because MHTC is an alter ego or arm of the State of Missouri, and the presence of the State (or an arm of the State) as a party destroys diversity. Plaintiffs have failed to file a response to MHTC's motion.

### B. MHTC as Arm or Alter-Ego of the State of Missouri

"The ultimate question of whether an entity is an arm of a State … turns on whether a State is the real party in interest in a case involving the entity."

*Public School Retirement System of Missouri v. State Street Bank & Trust*, 640 F.3d 821, 826 (8th Cir. 2011). In *State Street*, the question before the 8th Circuit was whether two public retirement systems were arms of the State of Missouri for purposes of determining whether they were citizens or non-citizens under 28 U.S.C. § 1332(a)(1). The court held that the analysis that is used to determine if an entity is an arm of the state for purposes of Eleventh Amendment immunity is the same analysis that should be used in diversity jurisdiction cases. *Id*. at 826. In other words, if an entity is an arm of the state such that it holds Eleventh Amendment immunity, then it is also an arm of the state for purposes of analyzing citizenship under § 1332(a)(1).

This Court has previously held that the Missouri Highway and Transportation Commission is an arm or alter-ego of the State of Missouri, such that it is entitled to Eleventh Amendment immunity. *See Poettker Const. Co. v. Highway and Transp. Comm'n of Missouri*, 817 F. Supp. 75, 76 (E.D. Mo. 1993); *Hall v. Missouri Highway and Transp. Comm'n*, 995 F. Supp. 1001, 1006-07 (E.D. Mo. 1998); and *Complaint of Valley Towing Service*, 581 F. Supp. 1287 (E.D. Mo. 1984). Accordingly, I find that for purposes of determining citizenship and jurisdiction under § 1332(a), MHTC is arm of the State of Missouri.

### C. Diversity Jurisdiction Where State or Arm of State is a Litigant

The diversity-of-citizenship statute requires that a civil action be between "citizens of different states" in order for a federal court to have subject matter jurisdiction.[2] *See* 28 U.S.C. § 1332(a)(1); *see also State Street Bank & Trust Co.*, 640 F.3d at 826. A state is not a citizen. Nor is an entity that is merely an "alter ego" or "arm" of a state a citizen under the diversity jurisdiction statute. *Id.*, 640 F.3d at 826. Therefore, a lawsuit between a state (or an arm of a state) and a citizen or corporation of another state is not a suit between "citizens of different states" that will establish diversity of citizenship. *See Postal Telegraph Cable Company v. Alabama*, 155 U.S. 482, 487 (1894) ("it is well settled that a suit between a state and a citizen … of another state is not between citizens of different states"), *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929) (finding no diversity jurisdiction because the real party in interest was the state of Wyoming, acting through the state highway commission, and states are not citizens), *State Street Bank & Trust Co.*, 640 F.3d at 833 (no diversity jurisdiction where plaintiff retirement systems were merely arms of the State).

---

[2] Certain exceptions to this general rule, none of which apply here, are set out at 28 U.S.C. § 1332(a)(2)-(4).

Furthermore, even in cases where the remaining parties are otherwise diverse, the presence of a state or state arm destroys complete diversity and thus defeats federal diversity jurisdiction. *See, e.g., Wilkerson v. Missouri Dept. of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) (inclusion of the Missouri Department of Mental Health as defendant defeated diversity); *Long v. District of Columbia,* 820 F.2d 409, 416 (D.C. Cir. 1987) (absent the dismissal of District of Columbia, federal diversity jurisdiction was lacking in suit against a diverse co-defendant); *Chisolm v. United of Omaha Life Insurance Co.*, 514 F. Supp. 2d 318, 322 (D. Conn. 2007) (the presence of the Department of Social Service destroyed complete diversity); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575 (M.D. La. 2003) (the presence of the Louisiana Department of Health and Hospitals destroyed diversity jurisdiction despite complete diversity of remaining parties).

Therefore, MHTC's presence as a defendant to this lawsuit destroys the complete diversity that might otherwise exist between plaintiffs and defendants BNSF Railway and R.J. Corman Derailment Services, L.L.C. Without complete diversity, this Court does not have subject matter jurisdiction over the plaintiffs' claim, and the case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri Highway and Transportation Commission's motion to dismiss plaintiffs' complaint for damages and wrongful death [#7] is **GRANTED**. Plaintiffs' claim is dismissed without prejudice and the scheduling conference previously set for August 15, 2014 is canceled.

                                            _____
                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2014.